HARRY QUESNELL v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 5, 1911.

Nos. 17,051—(61).

**New trial — evidence of contributory negligence.**

The trial court did not err in granting a new trial upon the ground that the evidence did not conclusively show that the plaintiff, a switchman, was guilty of contributory negligence in getting off a freight car, upon the supposition that he had passed a switch.

[1]Reported in 130 N. W. 1104.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The negligence charged in the complaint is stated in the opinion. The answer admitted plaintiff's accident resulting in the amputation of his hand, but denied every other allegation of the complaint. At the close of the trial, defendant's motion to dismiss the action was granted. From an order, Brill, J., granting plaintiff's motion for a new trial, he appealed. Affirmed.

*M. L. Countryman* and *W. L. Clift,* for appellant.

*Samuel A. Anderson,* for respondent.

LEWIS, J.

After about five months' experience as a brakeman, operating from defendant's yards at Redland and Crookston, plaintiff became a switchman in the yard at Redland, and four days thereafter was tripped by a low switch as he stepped off the ladder of a freight car which he was riding. The complaint charged that the defendant was negligent in maintaining the switch within three feet of the track, in not having it lighted, and in failing to warn the plaintiff of the close proximity of the switch to the track. Five low switches were maintained at the west end and five at the east end of the yard, and all were located three feet from one of the lead tracks. All other switches were located from five and one-half to six feet from the tracks.

Plaintiff testified that he knew about the low switches, and at the time he dropped off he supposed he had passed the westerly low switch No. 1. He carried a lantern, and looked to see if the switch was in the way. At the close of the case the trial court dismissed the action, on the ground that the plaintiff did not get off, relying upon the fact that the switch was the usual distance from the track; that, having exercised his judgment as to its location, he was bound by the result, and could not recover. Upon a reconsideration of the matter, the court granted a new trial, for the reason that the evidence did not show conclusively that the plaintiff knew of the close proximity of the switch, or was guilty of contributory negligence; and that is the question argued by the appellant on this appeal.

While the plaintiff knew about the low switches, and looked to see

if he had passed No. 1 before he stepped off, he testified that he supposed they were the same distance away as ordinary switches. The cause of the accident was not, therefore, necessarily in misjudging his location with reference to the switch. He looked before leaping as a matter of precaution, but did not see it. Had it been five and one-half or six feet away, he would probably not have come in contact with it. To hold employees engaged in such hazardous employments responsible in such cases, it must be shown with reasonable certainty that all of the elements of danger were known to them.

Affirmed.